UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| James Johnson, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 20-1056 |
| | ) | |
| John Baldwin, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

### **Merit Review Order**

The plaintiff, proceeding *pro se*, and currently incarcerated at Pontiac Correctional Center, was granted leave to proceed *in forma pauperis*. The case is now before the court for a merit review of plaintiff's claims. The court is required by 28 U.S.C. § 1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted).

Plaintiff alleges that Defendant Peek and several John Doe correctional officers used chemical spray, pinned him to the ground, punched him, forced him to kneel against a wall while handcuffed for several hours, denied his requests to use the restroom, and subjected to a humiliating strip search for no reason following a cell extraction. Plaintiff alleges that officials refused to clean up a gallery flooded with water and human waste, served him a food tray that had been splashed with that water, denied him running water for more than 24 hours, threw his hygiene items in the toilet, and did not permit him to clean chemical spray off his body for approximately 8 hours. Plaintiff alleges that Defendants Peek and Hendrick wrote several false disciplinary reports based on these incidents that led to Defendants Posey, Dalton, and Wolf finding him guilty at a disciplinary hearing and revoking good-time credits. Plaintiff alleges that Defendants Kennedy and Baldwin denied his grievances on these issues.

Plaintiff states Eighth Amendment claims for excessive force against Defendants Peek and John Doe Tactical Team Members, and for inhumane conditions of confinement against Defendants Kennedy and John Doe Correctional Officers. *Hudson v. McMillian*, 503 U.S. 1, 6 (1992); *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008). Plaintiff does not state a claim against Defendants Baldwin, John Doe Deputy Director, and Kennedy for the denial of his grievances. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff does not state a claim for the alleged violations of state law at the disciplinary hearings. *Lennon v. City of Carmel*, 865 F.3d 503, 509 (7th Cir. 2017) (failure to follow state law does not create federally enforceable right). Further, Plaintiff's allegations regarding the disciplinary reports and hearings, if true, would necessarily imply the invalidity of the factual findings that led to the revocation of good-time credit. Plaintiff has no cause of action under § 1983 for these allegations "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 489 (1994). Plaintiff's claims against Defendants Peek, Hedrick, Posey, Dalton, and Wolf related to disciplinary reports and hearings

are *Heck*-barred and will be dismissed without prejudice to amendment. Plaintiff's other claims may also be barred, but that determination should await a more developed record.

**It is therefore ordered:**

1. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states Eighth Amendment claims for excessive force against Defendants Peek and John Doe Tactical Team Members and for inhumane conditions of confinement against Defendants Kennedy and John Doe Correctional Officers. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.

3. The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.

4. With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom

that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

5. The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.

6. This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

7. Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

8. The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9. If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10. The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

11. The clerk is directed to terminate John Baldwin, John Doe Deputy Director, Brian Posey, Jacob Dalton, Kendra Wolf, and Denver Hedrick as defendants.

12. The clerk is directed to attempt service on Terri Kennedy and James Peek pursuant to the standard procedures.

Entered this 22nd day of April, 2020.

   s/ Harold A. Baker
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE